**08 CIV. 1481**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BRIEANT**

JOHN M. BENSON,

    Plaintiff,

vs.

CRANESVILLE BLOCK COMPANY, INC.

    Defendant.

-------------------------------------------------------------------x

**ECF**

## COMPLAINT

1. Plaintiff resides at 51 Rocky Trail, Wurtsboro, NY 12790, within this judicial district.

2. Defendant, Cranesville Block Company, Inc., is headquartered at 1250 Riverfront Center, Amsterdam, New York 12010, and operates facilities throughout New York State, including in Liberty, New York, the plant to which Benson typically reported and from which he was routinely dispatched with loads of cement.

3. Plaintiff filed a timely complaint of disability discrimination with the EEOC and now files this Complaint within ninety days of his receipt of the right to sue letter from that agency.

4. Accordingly, pursuant to 42 U.S.C. sec. 12101, et seq., this Honorable Court has jurisdiction over this matter. The Court also has jurisdiction pursuant to 42 U.S.C. sec. 1988 and 28 U.S.C. 1331 and 1343 (3) & (4).

5. Plaintiff worked as a driver for Cranesville Block Company, Inc., commencing April 2004.

6. Benson was fully qualified to perform the job functions provided to him, was certified to do so and had complied with all requirements imposed by the company in that

regard.

7. In June 2006, Benson advised the company that he was a diabetic and asked for advance notice of his schedule so he could regulate his eating patterns as required by his disease.

8. Rather than providing this simple accommodation, the company suspended Benson on July 12, 2006, expressly on the basis of his disability or his perceived disability.

9. In suspending him, the company demanded medical certification, which Benson promptly provided.

10. However, defendant rejected this medical certification which stated that Benson could work and needed the requested accommodation to regulate his eating.

11. Plaintiff remained on suspense status for 30 days before defendant reinstated him on the basis of the same medical documentation it had theretofore refused to accept.

12. Between the time defendant learned that Benson suffered from diabetes and his termination on September 29, 2006, the company sought to paper Benson's personnel file with frivolous and false disciplinary memoranda.

13. Plaintiff remained fully qualified to perform essential functions of his position as of the date of his termination, September 29, 2006.

14. On that date, defendant terminated plaintiff, but did not notify him of this adverse action.

15. Rather, plaintiff learned about it when reporting to work three days later.

16. Defendant terminated Benson at least in part on the basis of and because of his disability and its mistaken perception that this disability interfered with his ability to perform the essential functions of his job, both in violation of the Americans with Disabilities Act, 42 U.S.C.

sec. 12101, et seq.

17. By dint of the termination, plaintiff sustained economic and non-economic losses, all of which may be compensated for under the ADA.

18. After being terminated, plaintiff was unable to secure comparable employment.

19. Plaintiff seeks make whole relief as provided by law, including punitive damages against the company for its malicious conduct.

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to hear and decide all issues within its compass, award to plaintiff compensatory and punitive damages with pre- and post-judgment interest, reinstate plaintiff to his position with lost benefits, order defendant to pay the reasonably incurred attorney fees and costs of this action and enter any other order which the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NEW YORK 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF