UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN M. BENSON,

                    Plaintiff,                    **ANSWER**

vs.

CRANESVILLE BLOCK COMPANY, INC.,        Case No. 08-CV-1481 (CLB)(LMS)

                    Defendant.

      Defendant, Cranesville Block Company, Inc. (Cranesville), by and through its attorneys, Breakell Law Firm P.C., answering the Complaint, alleges as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the allegations in paragraphs 1, 3, 4, 15, 17, 18, and 19 of the Complaint.

      2.      Denies the allegations in paragraph 2 of the Complaint, except admits that Cranesville is a New York domestic business corporation with its principal place of business located at 1250 Riverfront Center, Amsterdam, New York 12010 and operates numerous ready mixed concrete facilities throughout New York State.

      3.      Admits the allegations in paragraph 5 of the Complaint.

      4.      Denies the allegations in paragraph 6 of the Complaint.

      5.      Denies the allegations in paragraph 7 of the Complaint, except admits that Plaintiff informed Cranesville that he suffered from diabetes by letter dated June 21, 2006 and that Plaintiff requested "unencumbered access to the tracking and scheduling board on the computer throughout the day."

      6.      Denies the allegations in paragraph 8 of the Complaint, except admits that Cranesville suspended Plaintiff by letter dated July 7, 2006 from operating a ready mixed

concrete truck due to concerns about the potential impact Plaintiff's diabetic condition could have on his ability to safely perform his duties as an employee of Cranesville.

7. Denies the allegations in paragraph 9 of the Complaint, except admits that Plaintiff provided a letter dated July 14, 2006 from a medical provider and which letter described Plaintiff's medical condition; however, said letter was not a Medical Examiner's Certificate in the prescribed form set forth in the relevant federal regulations pertaining to the operation of commercial motor vehicles.

8. Denies the allegations in paragraph 10 of the Complaint, except admits that counsel for Cranesville, by letter dated July 21, 2006, requested additional information from Plaintiff medical provider regarding Plaintiff's diabetic condition before Cranesville would permit Plaintiff to operate a ready mixed concrete truck.

9. Denies the allegations in paragraph 11 of the Complaint, except admits that Plaintiff was reinstated on or about August 14, 2006, after Plaintiff provided a valid Medical Examiner's Certificate in the prescribed form via facsimile transmission on August 8, 2006.

10. Denies the allegations in paragraph 12 of the Complaint, except admits that Plaintiff received a number of Employee Warning Reports related to, among other things, his substandard job performance.

11. Denies the allegations in paragraph 13 of the Complaint, except admits, upon information and belief, that from the date Plaintiff provided a valid Medical Examiner's Certificate in the prescribed form until the date of Plaintiff's termination, Plaintiff remained physically qualified to perform his job functions.

12. Denies the allegations in paragraph 14 of the Complaint, except admits that Cranesville notified Plaintiff of his termination by letter dated September 29, 2006.

13. Denies the allegations in paragraph 16 of the Complaint and begs leave to refer to 42 U.S.C. § 12101 et seq. at the time of trial for all the terms, conditions, and limitations set forth therein.

### FIRST AFFIRMATIVE DEFENSE

14. Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

15. Upon information and belief, some of all of Plaintiff's claims against Cranesville set forth in the Complaint are barred by the applicable limitations period.

### THIRD AFFIRMATIVE DEFENSE

16. Upon information and belief, Plaintiff's claims against Cranesville set forth in the Complaint are barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff was not deprived of any right, privilege, or immunity secured to him under the United States Constitution, the New York State Constitution, or the laws of the United States or the laws of New York.

### FIFTH AFFIRMATIVE DEFENSE

18. Cranesville had fewer than 500 of employees in each of 20 weeks of the current or preceding calendar year. Therefore, compensatory and punitive damages are limited to $200,000.00 pursuant to 42 U.S.C. § 1981a (b)(3).

### SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's employment with Cranesville was terminated for legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

20. Upon information and belief, at the time of his termination, Plaintiff was not a qualified individual with a disability.

### EIGHTH AFFIRMATIVE DEFENSE

21. Cranesville acted at all times relevant hereto with good faith and without any fraud, malice, or reckless indifference.

WHEREFORE, Defendant Cranesville Block Company, Inc. respectfully requests that Plaintiff's Complaint be dismissed in its entirety and that Defendant be awarded reasonable attorneys' fees, costs, and disbursements incurred in the defense of this action, together with such other and further relief as the Court may deem just and proper.

Dated: March 13, 2008

/s/
Walter G. Breakell
Bar Roll Number 301080
Breakell Law Firm P.C.
Attorneys for Defendant
*Cranesville Block Company, Inc.*
10 Airline Drive, Suite 205
Albany, New York 12205
518-869-5552

To:    Michael H. Sussman, Esq.
        Sussman & Watkins
        Attorneys for Plaintiff
        *John M. Benson*
        PO Box 1005
        Goshen, New York 10924
        845-294-3991